*Grostefon*, 12 M.J. 431 (C.M.A. 1982), out of time, it is ordered that said motions are hereby denied, and said petition for reconsideration is hereby denied.

No. 14–0483/AF.   U.S. v. Steven J. Holsey.   CCA 38306.   Appellant's motion to attach documents is denied.

No. 14–0487/AR.   U.S. v. Cecil Saddler, Jr.   CCA 20110676.   Upon consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals and the supplement of the Appellant, we note two discrepancies in the matters filed pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). First, pages 1–4, 10–15, and 20 are missing.   Second, once provided, the matters total 24 pages and therefore exceed the maximum limit of 15 pages under CAAF Rule 21A(a).   Accordingly, it is ordered that Appellant shall submit a complete set of *Grostefon* matters in compliance with the 15–page limit of CAAF Rule 21A(a) on or before June 12, 2014.

No. 14–0515/AF.   U.S. v. William C. Gurney.   CCA 37905.   On consideration of the motions filed by Lieutenant Colonel Jane E. Boomer to withdraw as appellate defense counsel, it appears that the Judge Advocate General has assigned other counsel to represent the Appellants and the new counsel have assumed the representation of said Appellants.   Accordingly, it is ordered that said motions are hereby granted.

No. 14–0589/AR.   U.S. v. Alvin Patterson.   CCA 20121146.   Appellant's motion to extend time to file the supplement to the petition for grant of review granted, ***but only up to and including June 19, 2014,*** and ***absent extraordinary circumstances, no further extension of time will be granted in this case.***

Friday, June 6, 2014

No. 13–7001/AR. U.S. v. Hasan K. Akbar. CCA 20050514. On consideration of Appellant's motion to reconsider the limitation placed on Defense Appellate Exhibits QQQ and RRR, which this Court construes as a petition for reconsideration of this Court's order issued on February 3, 2014, it is ordered that said petition for reconsideration is hereby denied, that Appellee file a corrected brief deleting the improper references to Defense Appellate Exhibit QQQ on or before June 13, 2014, that Appellee's motion to file a corrected copy of its response to Appellant's motion to reconsider limitations placed on Defense Appellate Exhibits QQQ and RRR is denied as moot, and that Appellant may file a reply brief within 15 days after the filing of the Appellee's corrected brief.

No. 14–0528/AF. U.S. v. Abner C. Leps. CCA S32129. On consideration of Appellant's motion to withdraw the petition for grant of review, it is ordered that said motion is hereby denied without prejudice to the subsequent filing of a motion to withdraw that complies with Rule 21(f), Rules of Practice and Procedure, or the filing of a supplement to the petition for grant of review, on or before June 23, 2014.

Monday, June 9, 2014

No. 14–5008/AF. U.S. v. Joshua Katso. CCA 38005. Notice is hereby given that a certificate for review of the decision of the United States Air Force Court of Criminal Appeals was filed under Rule 22 this date on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT FOUND APPELLEE'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WAS VIOLATED WHEN THE MILITARY JUDGE PERMITTED, OVER DEFENSE OBJECTION, THE TESTIMONY OF THE GOVERNMENT'S DNA EXPERT, AND THAT THE ERROR WAS NOT HARMLESS

